**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GENE STILP ,<br>                    Plaintiff,<br><br>       v.<br><br>TOWNSHIP OF EAST BUFFALO,<br>                    Defendant. | No.<br><br>JURY TRIAL OF 12 DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Gene Stilp, by and through his undersigned counsel, who hereby submits this Complaint and states the following:

## PARTIES

1.      Plaintiff is Gene Stilp, an adult individual.

2.      Defendant Township of East Buffalo is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 589 Fairground Road, Lewisburg, Union County, Pennsylvania 17837.

## JURISDICTION AND VENUE

3.      Jurisdiction is founded upon 28 U.S.C. §1331.

4.      Venue is proper in this Court pursuant to 28 U.S.C §1391(b)(1), because the Township of East Buffalo is located in the Middle District of Pennsylvania.

## FACTS

5.      The allegations of the foregoing paragraphs are incorporated by reference.

6.      Stilp is a political activist in Pennsylvania who frequently publicly protests political corruption and racial injustice.

7.      Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

8.      As part of such protests, Stilp has often burned flags bearing images and slogans supporting the reelection of Donald J. Trump as President of the United States.

9.      Among other flags, Stilp typically burns Trump-Nazi flag which consisted of a Trump flag on one side and a Nazi flag on the other side ("Trump Protest Flag").  Stilp has also burned a Trump flag on one side with a confederate flag on the other side.

10.     Stilp's intended purpose in burning the Trump Protest Flag was to publicly oppose policies of the Trump Administration and Trump reelection campaign which Stilp asserts are racist and not beneficial for children.

11.     In advance of the protest, Stilp notified East Buffalo Township via email of his plan and intended date for the protest.

12.     The Township responded that he was not permitted to hold such a protest because public burning was against regulations, but did not provide him a copy of the ordinance, nor offer any permit process to be considered or approved for such a protest.

13.     On March 12, 2020, Stilp appeared at the location and burned the Trump Protest Flag in a steel trash can.

14.     At that time, Officer Daniel M. Baumwoll cited Stilp.

15.     The citation, filed at Docket No. MJ-17301-NT-0000076-2020 in Union County Pennsylvania, cites violation of the portion of LO §7 §§103.

16.     The Ordinance states in relevant part the following:

§103. NOTICE. Any person failing to comply with the provisions of this Part shall be given a written notice of the same by the police department having jurisdiction in East

Buffalo Township and upon receipt of said notice shall immediately cease open burning. Failure to immediately cease open burning shall be a violation of this Part and said person shall be subject to the penalties as herein set forth. Any person failing to comply with the provision of this Part, two or more times, shall upon verbal or written notice from a police officer, immediately cease burning and shall be prosecuted for a violation of the Part as herein provided.

17.   Stilp pled not guilty to the charges.

18.   After a hearing before the Magisterial District Court, Mr. Stilp was convicted and timely appealed his conviction.

19.   The conviction was reconsidered before the Court of Common Pleas where he was found not guilty on the charges.

### FIRST CAUSE OF ACTION
### Violation of Right to Free Speech (Facial Challenge)
### U.S. Const. amend. I; 42 U.S.C. §1983

20.   The averments of the foregoing paragraphs are incorporated by reference.

21.   The Burn Ordinance facially violates the First Amendment and is overly broad by prohibiting open burning in all public places at all times under all circumstances.   Alternatively, it is averred that even if the Burn Ordinance is not found to be overbroad, Stilp was charged with a violation of LO §7 §§103 even though it did not apply and was a violation of his First Amendment right to free speech.

22.   The Ordinance facially inhibits Mr. Stilp's right to free speech by preventing him from publicly protesting through flag burning which has chilled the exercise of his free speech rights.

23.   The ordinance must be narrowly tailored, with no other viable means of achieving a compelling government interest.  Texas v. Johnson, 491 U.S. 397, 403 (1989)

24.   Mr. Stilp is in reasonable fear of prosecution for a summary offense and also civil prosecution for public nuisance under the Burn Ordinance if he would again attempt to burn flags publicly as expressive conduct.

**WHEREFORE,** Plaintiff Gene Stilp prays the Court to:

a.      DECLARE the Ordinance UNCONSTITUTIONAL as applied under the First Amendment;

b.      PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Township of East Buffalo as a violation of the First Amendment; and

c.      AWARD attorneys' fees pursuant to 42 U.S.C. §1988, costs of suit and such other relief as is just and equitable.

### SECOND CAUSE OF ACTION
**Violation of Right to Free Speech (As Applied Challenge)**
**U.S. Const. amend. I; 42 U.S.C. §1983**

25.     The averments of the foregoing paragraphs are incorporated by reference.

26.     East Buffalo Township violated Mr. Stilp's constitutional rights by failing to make their ordinance more easily available and for failing to advise him of the proper process by which he could obtain a permit.

27.     Mr. Stilp e-mailed the East Buffalo Township manager prior to his demonstration but received no response.

28.     Mr. Stilp was denied due process because East Buffalo Township failed to post the ordinance in a publicly accessible place, such as a website.  Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 (1978).

29.     Mr. Stilp cannot reasonably comply with any requirements for approval, payment of fees, or obtaining a permit under §102.1 of an ordinance that has not been publicly posted.

30.     Moreover, Mr. Stilp did not receive written notice of his failure to comply as provided in §103 of the statute.

31.     The statute specifically requires that a written notice for failure to comply be given and

then two or more subsequent notices, verbal or written, are required before an individual may be prosecuted for a violation of this section.

32.     Mr. Stilp was denied due process because East Buffalo Township Police Department failed to provide written notice of his failure to comply with the provisions of the statute.

**WHEREFORE,** Plaintiff Gene Stilp prays the Court to:

a.     DECLARE the Ordinance UNCONSTITUTIONAL as a violation of Due Process under the Fourteenth Amendment;

b.     PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Township of East Buffalo; and

c.     AWARD attorneys' fees pursuant to 42 U.S.C. §1988, costs of suit and such other relief as is just and equitable.

d.     ENTER JUDGMENT in his favor and against the Township of East Buffalo for nominal and compensatory damages for the actual suppression of Mr. Stilp's First Amendment rights under the Township's Burn Ordinance.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: <u>January 4, 2022</u>                    By: <u>/s/ Joel A. Ready</u>
                                         Joel A. Ready, Esquire
                                         Attorney I.D. #321966
                                         8500 Allentown Pike,
                                         Suite 3
                                         Blandon, PA 19510
                                         (610) 926-7875
                                         joel@cornerstonelaw.us
                                         *Counsel for Plaintiff*